**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BETTY HEARN,** *pro se,*

    Plaintiff,

v.                                                                          Case No.  8:13-cv-827-T-30EAJ

**INTERNATIONAL BUSINESS MACHINES,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant International Business Machines Corporation's Motion to Quash Service of Process (Dkt. 3).  Plaintiff Hearn tried to effectuate service on Defendant IBM by mailing a copy of an unsigned summons along with the complaint to IBM's principal address in New York.

Fed. R. Civ. P. 4(c)(1) provides that a summons shall be served together with a copy of the complaint.  Fed. R. Civ. P. 4(a) requires that a summons be signed by the clerk and bear the court's seal, neither of which appeared on the copy of the summons that IBM received in the mail.

Further, Rule 4 allows a plaintiff to either make service on a corporation in compliance with Rule 4(h) or by requesting a waiver of service pursuant to Rule 4(d)(2). Rule 4(h) requires a corporation be served with process either (1) pursuant to the law of the state in which the district court is located or where service is made or (2) by delivering a copy of the summons and complaint to an officer, a managing or general agent or any other authorized agent by appointment or by to law to receive service of process.  Florida Statute

§ 48.081(1) is the governing state law by which Hearn may make service under Rule 4(h). This type of service requires a person at least 18 years old and not a party to serve the summons and complaint on the defendant in compliance with Rule 4(c).

Hearn may also request a waiver of service pursuant to Rule 4(d). If this latter approach is taken, the notice and request must: be in writing and addressed to a defendant subject to service under Rule 4(h); name the court where the complaint was filed; be accompanied by a copy of the complaint, two copies of the waiver form, and a prepaid means for returning the form; inform the defendant of the consequences of waiving and not waiving service; state the date when the request is sent; give the defendant a reasonable time of at least 30 days to return the waiver; and be sent by first-class mail or other reliable means.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant International Business Machines Corporation's Motion to Quash Service of Process (Dkt. 3) is GRANTED.

2. Defendant's counsel shall inform Plaintiff within seven (7) days of this Order if he is willing to accept service on Defendant's behalf. If Defendant's counsel is not willing to accept service, Plaintiff shall serve Defendant in compliance with Rule 4 as described herein.

**DONE** and **ORDERED** in Tampa, Florida on April 24, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-827.quashservice.frm