**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BETTY HEARN, *pro se,*

     **Plaintiff,**

v.                                                                      **Case No.  8:13-cv-827-T-30EAJ**

**INTERNATIONAL BUSINESS**
**MACHINES,**

     **Defendant.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant International Business

Machines Corporation's Motion to Dismiss or, in the alternative, For More Definite

Statement (Dkt. 9) and Plaintiff's Response to Defendant's Motion to Dismiss or, in the

alternative, For More Definite Statement (Dkt. 10).  The Court, having reviewed the motion,

response, and being otherwise advised in the premises, concludes the motion to dismiss

should be granted.

Plaintiff Betty Hearn, proceeding *pro se*, filed this lawsuit against her former

employer, Defendant International Business Machines ("IBM").  The complaint is divided

into two headings, one labeled "Fraud" and the other "Discrimination."  Numerous statutes

are referenced throughout the four-page complaint, including: 18 U.S.C. § 245, 42 U.S.C.

§ 1981, the Older Workers Benefit Protection Act ("OWBPA"), the Age Discrimination in

Employment Act of 1967 ("ADEA"), the Lilly Ledbetter Fair Pay Act of 2009, and Title VII

of the Civil Rights Act of 1964.  Hearn also attached her charge of discrimination to the EEOC in which she selected the "sex" and "other" discrimination boxes.

The complaint's allegations and the EEOC charge of discrimination concern IBM's termination of Hearn on March 31, 2010.  Although the allegations are vague, it appears that IBM released Hearn under a resource reduction based on her position being moved to Brazil.  Hearn claims IBM committed a fraud by misrepresenting her separation as "voluntary" and that IBM discriminated against her by denying her a severance package.  It is not clear what type of discrimination Hearn is alleging.[1]

Rule 8(a) of the Federal Rules of Civil Procedure provides in relevant part that "[a] pleading which sets forth a claim for relief shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) of the Federal Rules of Civil Procedure provides in relevant part that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

The complaint in its entirety fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Although "Fraud" and "Discrimination" are the sole two headings, it is unclear whether Hearn intends for them to be the only two counts alleged, as she fails to number any paragraphs, references multiple statutes, and does not limit her paragraphs to a single set of circumstances.  It is virtually impossible to know which allegations of fact are

---

[1] Her complaint states that IBM's denial of severance benefits and each "coerced retirement check" is "a fresh act of discrimination on race, age, and sex."  Dkt. 1 at 14.  However, in her response to the motion to dismiss, Hearn states: "[c]ontrary to the allegation of the defendants, although she is a Black female over 40, the plaintiff neither filed a claim of racial discrimination under 42 U.S.C. § 1981 nor did she include a complaint under Title VII or EPA [sic]."  Dkt. 10.

intended to support which claims, especially since it is not clear which claims are being alleged.  Therefore, the complaint is dismissed in its entirety without prejudice to Hearn to file an amended complaint that complies with the Federal Rules of Civil Procedure.  If Hearn chooses to file an amended complaint, she should set forth each count in a separate heading that is labeled with the name of the cause of action she intends to allege and include factual allegations under each count that relate to that cause of action.

In her response to the motion to dismiss, Hearn states that "there are at least three other counts or supporting statutes, through which plaintiff seeks relief, pursuant to [the Fair Pay Act of 2009] and criminal statute 18 U.S.C. § 245: (I) Fraud, (II) Deprivation of Equal Rights and Property, and (III) Conspiracy." Dkt. 10 at 4.  The Court notes that 18 U.S.C. § 245 "provides criminal remedies for the violation of certain constitutional rights, not a private right of action." *Sauls v. Bristol-Myers Co.*, 462 F. Supp. 887, 889 (S.D.N.Y. 1978). As such, if Hearn chooses to file an amended complaint, she should not include a claim based on 18 U.S.C. § 245.

It is therefore ORDERED AND ADJUDGED that:

1.     Defendant International Business Machines Corporation's Motion to Dismiss or, in the alternative, For More Definite Statement (Dkt. 9) is GRANTED.

2.     The complaint is DISMISSED without prejudice to Plaintiff to file an amended complaint that conforms to the pleading requirements set forth in the Federal Rules of Civil Procedure within twenty (20) days from the date of this Order.

3.      If Plaintiff fails to file a timely amended complaint, the Court will direct the

Clerk to administratively close this case without further notice to the parties.

**DONE** and **ORDERED** in Tampa, Florida on June 10, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-827.mtdismiss.frm