UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTY HEARN, *pro se*,

    Plaintiff,

v.                                               Case No: 8:13-cv-827-T-30EAJ

INTERNATIONAL BUSINESS
MACHINES,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Defendant, International Business Machines Corporation's Amended Motion to Dismiss Plaintiff's Amended Complaint or For More Definite Statement and Incorporated Memorandum of Law (Dkt. #19) and Plaintiff Betty Hearn's Response in Opposition to the Motion (Dkt. #21). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

### *Background*

Plaintiff Betty Hearn, proceeding *pro se*, filed this lawsuit against her former employer, Defendant International Business Machines ("IBM"). Hearn's original complaint was divided into two headings, one labeled "Fraud" and the other "Discrimination." She referenced numerous statutes throughout the four-page complaint, including: 18 U.S.C. § 245, 42 U.S.C. § 1981, the Older Workers Benefit Protection Act ("OWBPA"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Lilly

Ledbetter Fair Pay Act of 2009 ("LLFPA"), and Title VII of the Civil Rights Act of 1964. Hearn failed to comply with Rule 8(a) and 10(b) of the Federal Rules of Civil Procedure in her original complaint. Further, her allegations were vague, and Hearn failed to properly assert the specific basis for the alleged discrimination that she suffered. As a result, the Court granted IBM's first Motion to Dismiss and allowed Hearn to amend her complaint.

Hearn's Amended Complaint more closely complies with the Federal Rules of Civil Procedure; however, it does still suffer from vagueness, still references numerous statutes throughout and comingles several of the causes of action. Nonetheless, the Amended Complaint is in numbered paragraphs, and Hearn has separated the claims into seven different counts: fraud, breach of contract, race discrimination, violation of the Equal Pay Act, violation of the Lily Ledbetter Fair Pay Act, violation of the Older Workers Benefit Protection Act, and retaliation. Hearn also includes a set of factual allegations that are "common to all counts."

For purposes of the Motion to Dismiss the Court takes as true Hearn's factual allegations in the Amended Complaint. Hearn, a black female over the age of 40, began working for IBM in 1973 as a billing clerk. She was promoted and worked in several different positions over several years. Her last position with IBM was in a department that handled international deal support and proposal development. On March 1, 2010, IBM informed Hearn that she would be included in an "SDHE[1]" resource reduction action and that her position was being moved to Brazil to younger and less expensive

---

[1] This acronym appears in the Amended Complaint without further elaboration.

employees. Her employment was scheduled to terminate on March 31, 2010. IBM offered Hearn a SDHE severance package with twenty-six weeks of severance and retraining benefits. The Amended Complaint includes a copy of a portion of the severance package, including the unsigned SDHE Separation Agreement. The agreement allowed Hearn forty-five days to sign and return it to IBM and provided that she could revoke the agreement within seven days after signing it. On March 29, 2010, Hearn sent correspondence to IBM requesting clarification on several issues regarding her separation. On March 30, 2010, Hearn received three additional forms for signature including a Statement of Understanding ("SOU"), Employee Manager Checklist of Financial Obligations ("CFO") and a SDHE Retraining Assistance Form ("SRAF"); copies of which Hearn attached to the Amended Complaint.

On March 31, 2010, Hearn signed and returned the forms to IBM. Hearn alleges that she did so "trusting that IBM required all SDHE participants to sign the SOU and CFO." The same day Hearn sent a letter to IBM stating that her termination was involuntary, she did not intend to retire, and she still required clarification on the SOU and CFO. She received a letter from IBM congratulating her on her retirement as of March 31, 2010. On April 1, 2010 Hearn's termination became effective, and she did not have a job, compensation, unemployment or social security benefits, severance benefits, or access to extended insurance benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

On April 4, Hearn sent a certified letter revoking the SOU and CFO. She communicated with IBM that there were several missing pages from the "exit package,"

to which an IBM representative responded that the missing pages were for separation information for "manger use only." Hearn continued to communicate with IBM regarding her objection to labeling her termination as "retirement," and requesting clarification on the documents she signed. On May 10, 2010,[2] Hearn initiated her pension and health benefits from her retirement health account. She then contacted the state of Florida to inform them of her pension, and they terminated her unemployment insurance benefit payments. Hearn made several attempts to modify the SDHE, CFO and SOU, but IBM informed her that it would only accept signed unmodified documents. Ultimately, on June 10, 2010 Hearn signed the SDHE Agreement which she claims she did while "under duress." Hearn received a severance check from IBM, which she rejected and returned. Hearn filed a dual Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on March 2, 2013, and commenced this litigation after receiving a Dismissal and Notice of Rights from the EEOC.

**I. Motion to Dismiss Standard**

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R.Civ.P. 8(a)(2). In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal

---

[2] Although the complaint states "May 10, 2012," based on the sequence of events outlined in the Amended Complaint the court infers that Hearn intended to state May 10, 2010.

conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555, 127 S.Ct, 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted).

In accordance with *Twombly*, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Furthermore, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, the requirements for pleading and dismissal are still applicable. *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Additionally, the incorporation by reference doctrine allows a court to consider a document attached to the pleadings or to a motion to dismiss without converting a Rule 12(b)(6) motion into a motion for summary judgment if the document

is central to the claim and its authenticity is not challenged. *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002) (quoting Fed.R.Civ.P. 7(a) and 10(c)).

## II. Defendant's Motion to Dismiss

IBM filed its Motion to Dismiss arguing that Hearn failed to state a cause of action on all counts because the Amended Complaint suffers from the same defects as the original complaint. Namely, the Amended Complaint references multiple statutes in every count, it comingles the claims and does not include factual allegations under each count that relate to that cause of action. Further, IBM contends that the claims brought under Title VII of the Civil Rights of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et. seq.* ("Title VII") and the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FCRA") are barred because Hearn failed to exhaust her administrative remedies as required by law.

### a. Plaintiff's §1981 claims

Hearn alleges that IBM violated **§** 1981 throughout the Amended Complaint. Section 1981 provides, in part, that "all persons in the United States shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The elements of a cause of action under § 1981 are: "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Lopez v. Target Corp.*, 676 F.3d 1230, 1233 (11th Cir. 2012) (citing *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007)). The statute defines the term "make and enforce contracts" to include the "making,

performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *Id*. at § 1981(b).

In the employment context, courts recognize claims under § 1981 for discrimination. *See Tucker v. Talladega City Sch*., 171 Fed. Appx. 289, 294 (11th Cir. 2006). Hearn states that she is an African-American, which is a racial minority. She also alleges that the discrimination relates to an enumerated activity; to make, perform and modify her employment contract and the SDHE contract with IBM. However, she fails to allege sufficient facts to show that IBM engaged in intentional racial discrimination. *See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982) (holding that "§ 1981, like the Equal Protection Clause, can only be violated by purposeful discrimination") (emphasis added)).

Courts also recognize claims under § 1981 for retaliation. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442 (2008). To establish a § 1981 retaliation claim based on circumstantial evidence, the plaintiff must show: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is a causal connection between the two events. *Porter v. Am. Cast Iron Pipe Co*., 427 Fed. Appx. 734, 737 (11th Cir. 2011) (citing *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Hearn does not sufficiently allege that she engaged in statutorily protected expression based on race. In order to constitute statutorily protected activity capable of supporting a § 1981 retaliation claim, an employee's complaint must reasonably convey that she is opposing discrimination based specifically upon race, versus some other type

of discrimination or injustice generally. *See Pennington v. City of Huntsville*, 261 F.3d 1262, 1265 n. 1 (11th Cir. 2001). Therefore, Hearn fails to state a cause of action for discrimination and retaliation under § 1981. Hearn's § 1981 claims are dismissed without prejudice to file a Second Amended Complaint with sufficient facts to allege a claim under § 1981 for discrimination or retaliation or both.

### b. Plaintiff's Title VII and FCRA Claims

The Amended Complaint alleges a claim for race discrimination, age discrimination and retaliation under the FCRA and Title VII. To bring suit for discrimination under the FCRA or Title VII, a plaintiff first must exhaust administrative remedies, by filing a timely discrimination charge with the appropriate commission. *Poulsen v. Publix Super Markets, Inc.*, 302 Fed. Appx. 906, 907 (11th Cir. 2008). Hearn filed a dual charge of discrimination with the EEOC and the FCHR. The charge, which Hearn attached to the Amended Complaint, states that Hearn sought relief for sex discrimination. She did not select the boxes for "race," "age" or "retaliation." She did however choose the box for "other" and inserted the words "Equal Pay Act." Hearn's narrative states as follows:

> PERSONAL HARM
> I was employed with Respondent from December 3, 1973 to March 31, 2010, when I was terminated. At the time of my termination, I was denied severance benefits because I refused to give up the rights to my intellectual property. I had a previous contract with Respondent in which it recognized and disclaimed all rights to my intellectual property. I attempted to negotiate the terms of my severance agreement with Respondent. I was notified on May 26, 2010 that Respondent would not modify the agreement.
>
> DISCRIMINATION STATEMENT

> I believe I have been discriminated against because of my sex, female, in violation of the Equal Pay Act of 1983.

Hearn further indicates that the latest act of discrimination took place on May 26, 2010. IBM argues that based on these allegations in her charge, Hearn's age and race discrimination and retaliation claims in the Amended Complaint are not within the scope of the charge of discrimination and should therefore be dismissed with prejudice.

The starting point of ascertaining the scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation. *Anderson v. Embarq/Sprint*, 379 Fed. Appx. 924, 926 (11th Cir. 2010). "A Title VII plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the administrative charge of discrimination." *Id*. "Judicial claims which serve to amplify, clarify, or more clearly focus earlier EEO complaints are appropriate." *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989). *See also Anderson*, 379 F. App'x at 926 ([e]ven new claims—"are allowed if they amplify, clarify, or more clearly focus the allegations in the EEOC complaint ...."). "Allegations of new acts of discrimination, offered as the essential basis for the requested judicial relief, are not appropriate." *Wu*, 863 F.2d at 1547. Nonetheless, courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 460-61 (5th Cir. 1970). As such, "the scope of an EEOC complaint should not be strictly interpreted." *Id*. at 465.

Since Hearn did not include any claims for race or age discrimination or retaliation in her charge, she cannot bring these claims in her complaint unless she can show that these claims serve to amplify, clarify, or more clearly focus her sex discrimination claim.

9

Hearn's charge of discrimination does not allege any facts that would suggest or create an inference of race discrimination, age discrimination or retaliation. There is no information on the charge about her race, nor does she include any facts showing her opposition to an unlawful employment practice under Title VII. The judicial claims raised in her Amended Complaint cannot be reasonably expected to grow out of the EEOC charge Hearn filed. *See Francois v. Miami Dade County, Port of Miami*, 432 Fed. Appx. 819, 822 (11th Cir. 2011) (holding that plaintiff failed to administratively exhaust his national origin discrimination claim because he did not check the box for national origin, or allege any facts in the narrative section that could be construed to raise such a claim of discrimination.).

Further, Hearn filed her charge too late. When the discriminatory act takes place in a deferral state such as Florida, the plaintiff must file a charge with the state agency within 300 days of the last discriminatory act to be timely for purposes of Title VII, the ADA, and the ADEA; *Poulsen*, 302 Fed. Appx. at 907 n.2; and within 365 days for purposes of the FCRA. *See* Fla. Stat. § 760.11(1); *Id.* citing *Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 894 (Fla. 2002)). Hearn filed the charge almost three years after the last act of discrimination alleged. Therefore, the Court concludes Hearn's FCRA and Title VII claims for race and age discrimination and retaliation are barred as a matter of law. These claims are dismissed with prejudice since Hearn cannot cure her failure to exhaust the administrative remedies.

### c. Fraud Claim

Hearn labels her first count as "fraud" and recites a cause of action for fraudulent misrepresentation. Under Florida law, in order to state a viable cause of action for fraudulent misrepresentation the following four elements must be present: 1) a false statement concerning a material fact; 2) the representor's knowledge that the representation is false; 3) an intention that the representation induce another to act on it; and 4) consequent injury by the party acting in reliance on the representation. *Johnson v. Davis*, 480 So.2d 625, 627 (Fla. 1985). Hearn's Amended Complaint does not allege a cause of action for fraudulent misrepresentation. It states that Hearn "trust[ed] that IBM required all SDHE participants to sign the SOU and CFO" when she signed the forms and returned them to IBM. Nowhere in the complaint does she allege facts showing that IBM misrepresented any of the terms in the SOU and CFO or SDHE Agreement. After making several inquiries to clarify the terms, to which she did not receive a satisfactory response, she voluntarily signed the SDHE. However, she does not allege or point to any false statement made by IBM to her, upon which she relied.

Hearn's allegations set forth a second theory for fraudulent misrepresentation. She alleges that IBM made false statements to the human resource department for IBM and government agencies, by stating that her termination was voluntary. She claims IBM knew the recipients would rely upon the statement to deny her unemployment insurance, COBRA benefits, and retention of her health benefits account. However, Hearn does not sufficiently allege that IBM intended to induce the government to deny her

unemployment insurance. Hearn admits that she contacted the state when she commenced her pension benefits, and as a result of her action she lost her unemployment benefits.

This count also states that IBM's breach of contract violated § 772.11, Florida Statutes. That statute creates a civil cause of action for crimes of theft and abuse or neglect of the elderly. Hearn's Amended Complaint does not contain any facts supporting this cause of action. Therefore, to the extent Hearn's breach of contract claim relies on that statute it does not state a cause of action. Hearn essentially recites the elements but does not provide the supporting factual allegations. Therefore, Hearn failed to state a cause of action for fraudulent misrepresentation. This count is dismissed without prejudice to Hearn to file a Second Amended Complaint with proper factual allegations showing that IBM made false representations to her, what those false statements were, what the statements induced her to do and the specific damages she suffered as a result.

### d. Breach of Contract Claims

Hearn alleges that IBM breached their 1996 employment contract and the 2010 severance contract under Florida and federal law. Hearn bases this claim on 42 U.S.C. § 1981 and § 772.11, Florida Statutes. As discussed earlier, Hearn does not state a cause of action for a § 1981 claim for racial discrimination and the Florida statute does not apply to this set of facts. Further, Hearn does not even allege a basic breach of contract cause of action. The elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages. *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999)(citing *Abruzzo v. Haller*, 603 So.2d 1338, 1340 (Fla. 1st DCA 1992)). She identifies the employment contract and the SDHE Agreement as the contracts at

issue and details damages, but does not sufficiently allege how IBM breached these contracts. Therefore, Hearn's breach of contract claim is dismissed without prejudice to file a Second Amended Complaint with sufficient facts describing the material terms that IBM allegedly breached in each of the contracts.

### e. Equal Pay Act ("EPA") Claims

Hearn alleges that IBM denied her "equality in compensation and *fringe* benefits which were and continue to be less than that of others and/or who held rights to intellectual property" (emphasis in original). To set forth a prima facie case of discrimination under the EPA, Hearn must allege that she was paid less than a worker of the opposite sex who held a job requiring equal skill, effort and responsibility to the job held by her, and who performed that job under similar working conditions. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); *see Steger v. General Elec. Co.,* 318 F.3d 1066, 1077-78 (11th Cir. 2003); *Irby v. Bittick*, 44 F.3d 949, 954 (11th Cir. 1995). Further, the EPA, unlike Title VII, does not require exhaustion of administrative remedies. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1527 (11th Cir. 1992). However, Hearn has not set forth sufficient facts to support this claim in her Amended Complaint. Therefore, the claim is dismissed without prejudice to Hearn to file a Second Amended Complaint alleging sufficient facts to raise this claim.

### f. Violation of the Lily Ledbetter Fair Pay Act ("LLFPA") Claims

The LLFPA does not create an independent cause of action in itself, it serves to amend the Rehabilitation Act of 1973, § 504(a), 29 U.S.C.A. § 794(a), by providing that

the statute of limitations for filing an EEOC charge alleging pay discrimination resets with each paycheck affected by a discriminatory decision. *Tarmas v. Sec'y of Navy*, 433 Fed. Appx. 754, 760 (11th Cir. 2011). Therefore, under the Act, an "unlawful employment practice" occurs: (1) "when a discriminatory compensation decision or other practice is adopted," (2) "when an individual becomes subject to a discriminatory compensation decision or other practice," and (3) "when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice." *Id*. at 1024–25 (citing 42 U.S.C. § 2000e–5(e)(3)(A)). Therefore, to the extent that Hearn's complaint attempts to bring an independent cause of action for unequal pay under the LLFPA, the claim is dismissed with prejudice.

### g. Violation of Older Workers Benefit Protection Act ("OWPBA") Claims

Hearn alleges that IBM violated the OWBPA which imposes specific requirements for releases covering ADEA claims. *Oubre v. Entergy Operations*, Inc., 522 U.S. 422, 424 (1998) (citing OWBPA, § 201, 104 Stat. 983, 29 U.S.C. §§ 626(f)(1)(B), (F), (G)). The OWBPA governs the effect under federal law of waivers or releases on ADEA claims and incorporates no exceptions or qualifications. *Id*. at 427. It does not create a separate cause of action, but instead "creates a series of prerequisites for knowing and voluntary waivers and imposes affirmative duties of disclosure and waiting periods." *Id*. If an employee's voluntary written waiver of rights does not comply with the requirements of the OWBPA, it is unenforceable against her insofar as it purports to waive or release any ADEA claim. *Id*.

14

Hearn's Amended Complaint claims that IBM harassed her "to induce reliance on a contract containing ambiguous terms and conditions." To the extent that Hearn alleges an age discrimination suit under the ADEA, the claim is barred for failing to exhaust all of her administrative remedies. *See Poulsen,* 302 Fed. Appx. at 907. To the extent Hearn attempts to state an independent cause of action for violation of OWBPA, none exits. Therefore, Hearn fails to state a cause of action for violation of OWBPA and the claim is dismissed with prejudice.

### *Conclusion*

Hearn's Amended Complaint attempts to allege several causes of action based on IBM's termination of her employment and the separation documents she signed including the SDHE Agreement, SOU, and CFO. Hearn's allegations and causes of action are not completely clear. The Court has made reasonable inferences to view the factual allegations in the light most favorable to the Plaintiff. However, Hearn has failed to state a cause of action as to all of her counts. Hearn may file a Second Amended Complaint more properly asserting the causes of action that the Court dismissed without prejudice. Hearn failed to exhaust her administrative remedies as to her claims for age and race discrimination and retaliation. Therefore, Hearn may not raise these claims in her Second Amended Complaint. The counts for violation of the LLFPA and OWBPA do not state a cause of action for relief because those statutes do not independently create a cause of action, therefore Hearn may not raise independent causes of action for these claims in her Second Amended Complaint. Hearn may raise claims for fraud, breach of contract, and for violations of § 1981, and the Equal Pay Act. Therefore, if Hearn chooses to file a

Second Amended Complaint, Hearn must sufficiently allege the surviving claims as required by law as outlined in this Order.

It is ORDERED AND ADJUDGED that:

1. Defendant International Business Machines Corporation's Amended Motion to Dismiss Plaintiff's Amended Complaint or For More Definite Statement and Incorporated Memorandum of Law (Dkt. #19) is granted.

2. Counts One, Two and Four are dismissed without prejudice for failure to state a cause of action.

3. Plaintiff's Title VII and FCRA claims are dismissed with prejudice for failure to exhaust administrative remedies.

4. Plaintiff's §1981 claims are dismissed without prejudice.

5. Plaintiff may file a Second Amended Complaint in compliance with this Order within fourteen days of the date of this Order.

6. If Plaintiff does not file a Second Amended Complaint within fourteen days of the date of this Order, the Court shall dismiss this action and close the case.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of October, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-827-mtd19.docx