**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BETTY HEARN, *pro se,*

    Plaintiff,

v.                                                        Case No: 8:13-cv-827-T-30EAJ

INTERNATIONAL BUSINESS
MACHINES, MARGARET (PEGGY)
BUIS, DAVID ALLCOCK and RUSSELL
MANDEL,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, With Prejudice, and Incorporated Memorandum of Law (Dkt. #26) and Plaintiff's Response in Opposition to the Motion (Dkt. #28). Plaintiff commenced this action by filing a complaint against International Business Machines ("IBM") on April 1, 2013 (the "Original Complaint"). The Original Complaint was disorganized and ambiguous. On May 21, 2013, IBM filed a Motion to Dismiss or for a More Definite Statement with this Court.  On June 10, 2013, this Court entered an Order granting IBM's Motion to Dismiss, without prejudice to Plaintiff's right to file an Amended Complaint. On June 28, 2013, Plaintiff filed an Amended Complaint against IBM. Plaintiff's Amended Complaint suffered from many of the same defects as the

Original Complaint. Therefore, on July 8, 2013, IBM filed a Motion to Dismiss Plaintiff's Amended Complaint or for More Definite Statement.

On October 1, 2013, this Court issued an Order granting IBM's Motion to Dismiss with and without prejudice. In particular, this Court dismissed the following claims with prejudice: (1) Title VII of the Civil Rights of 1964 ("Title VII"); (2) Florida Civil Rights Act ("FCRA"); (3) Lily Ledbetter Fair Pay Act ("LLFPA"); and (4) Older Workers Benefit Protection Act ("OWPBA"). The Court further found that Plaintiff failed to allege proper factual allegations to state claims of: (1) a violation of 42 U.S.C. §1981 ("Section 1981"); (2) fraudulent misrepresentation; (3) breach of contract; and/or (4) discrimination under the Equal Pay Act ("EPA"). The Court dismissed these claims without prejudice and provided Plaintiff until October 15, 2013, to file a Second Amended Complaint.

This Court again warned Plaintiff that her "allegations and causes of action are not completely clear" and that if she chose to file a Second Amended Complaint, she "must sufficiently allege the surviving claims as required by law." On October 15, 2013, Plaintiff filed a Second Amended Complaint, her third opportunity to state claims against IBM. Once again, Plaintiff has failed to sufficiently allege claims against IBM. Further, her allegations and causes of action are still unclear. Plaintiff added three employees of IBM as individual Defendants, but did not allege sufficient factual allegations to support any claims against them. Plaintiff even admits that she may move to dismiss these individuals as parties.

In Counts One, Two and Four, Plaintiff attempts to bring claims under the EPA. However, it appears from the face of the Second Amended Complaint that all of Plaintiff's EPA claims are time-barred pursuant to the applicable statute of limitations. The Plaintiff's employment with IBM ended March 31, 2010. Plaintiff did not bring this action until April 1, 2013, more than three years later. Plaintiff did not allege a willful violation of the EPA, therefore she is subject to a two year statute of limitations. *See* 29 U.S.C. § 255. Therefore, her claim is time barred. Moreover, Plaintiff did not allege sufficient facts to support an EPA retaliation claim in Count Four.

Plaintiff's racial discrimination claim in Count Three, which the Court assumes is based on Section 1981, fails to plead the requisite elements of a claim under that law even when taking into account all facts set forth in the Second Amended Complaint. In addition, Plaintiff's claim of fraudulent misrepresentation in Count Five of the Second Amended Complaint fails to state a claim upon which relief can be granted as Plaintiff fails to sufficiently allege publication of any false representation to her or reliance by her on such a representation. Finally, in Counts Six and Seven, Plaintiff attempts to bring a breach of contract claim, but fails to sufficiently allege a breach of a valid contract. As Plaintiff has now had three opportunities to state a claim in this action and has failed to do so each time, the Court concludes that the Defendants' Motion should be granted.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint, With Prejudice, and Incorporated Memorandum of Law (Dkt. #26) is GRANTED.

2. Plaintiff's Second Amended Complaint is dismissed with prejudice.

3. All pending motions are denied as moot.

4. The Clerk is instructed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of November, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-827 mtd 26.docx