## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

BETTY HEARN,

    Plaintiff,

v.                                        Case No: 8:13-cv-827-T-30EAJ

INTERNATIONAL BUSINESS
MACHINES, MARGARET (PEGGY)
BUIS, DAVID ALLCOCK and RUSSELL
MANDEL,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for New Trial, Altering or Amending Judgment (Dkt. #33) and Defendants' Response in Opposition (Dkt. # 37). It is the Court' conclusion that Plaintiff's Motion should be denied.

Plaintiff filed her complaint, *pro se*, alleging several causes of action relating to the termination of her employment with Defendant International Business Machines ("IBM"). Plaintiff had three opportunities to properly allege her causes of action against the Defendants. The Plaintiff's Second Amended Complaint was insufficient to survive the Defendants' last Motion to Dismiss and this Court entered an Order dismissing the Plaintiff's Second Amended Complaint with prejudice (Dkt. #32).

Plaintiff files her motion requesting a new trial, altering or amending the judgment under Federal Rule of Civil Procedure 59. The decision to alter or amend a judgment under

Fed.R.Civ.P. Rule 59(e) is within the sound discretion of the Court. *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012), *reconsideration denied* (July 31, 2012).

The Eleventh Circuit has held that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Shuler v. Ingram & Assocs.*, 441 Fed. Appx. 712, 717 n. 3 (11th Cir. 2011) (*quoting Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006)); *Milton v. Turner*, 445 Fed. Appx. 159, 161–62 (11th Cir. 2011) (*quoting Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). However, "the leniency afforded *pro se* litigants does not give courts license to serve as *de facto* counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler*, 441 Fed. Appx. at 717 (citation omitted).

The Court will construe Plaintiff's Motion as a motion for reconsideration of the Court's November 15, 2013 Order dismissing the case with prejudice and closing the case. The grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Further, an intervening change in controlling law may also be a basis to reconsider a prior ruling. *Parker,* 874 F. Supp. 2d 1353, 1359). A motion for reconsideration cannot be used to re-litigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment. *See id.; Arthur*, 500 F.3d at 1343. Among other arguments, Plaintiff asserts that she has newly-discovered evidence that support her causes of action.

Hearn states that she gathered additional evidence from the State of Florida, Department of Economic Opportunity, which shows that IBM reported her termination as

"involuntarily separated" effective March 31, 2010. Plaintiff attached to the Motion as Exhibit B a document titled "Determination Notice of Unemployment Compensation Claim Filed." In the section for "Remarks" is the following instruction: "Include any explanations you feel will help us make a determination on this claim, including other reasons for discharge and reason for suspension or leave of absence…." The words "Involuntary Resource Action" are written under this section. This document is dated April 21, 2010. There is a second document with the same title dated December 28, 2010, which changes the remarks to indicate "no payment resource action, […] release not signed involuntary." Plaintiff argues that this evidence shows that IBM made false statements and therefore support her action for fraudulent misrepresentation. However, Hearn fails to show how this "evidence" supports any of her causes of action as alleged in her Second Amended Complaint to the extent that it would have prevented the claims from being dismissed.

Plaintiff also alleges that IBM reported a "voluntary separation" effective March 31, 2010 to the EEOC and references Exhibit A to her Motion. However, Exhibit A is a letter from IBM to the Plaintiff. The letter does not raise any new evidence as it demonstrates that IBM's position is that she retired as of March 31, 2010, which Plaintiff has asserted since her original complaint.  It is unclear to the Court what this "new" evidence purports to show, however, it appears consistent with the Plaintiff's allegations that she signed the separation documents and consequently received a severance check, but that she voluntarily returned it to IBM since she disputed the terms of her separation.

The Plaintiff also argues that she is entitled to discovery to uncover the facts, and a jury trial to determine the ultimate facts in this case.  The Motion essentially attempts to

3

re-litigate the Motion to Dismiss and therefore should be denied. *See Parker* 874 F. Supp. 2d at 1359 (denying plaintiff's motion for reconsideration because it "rehashes arguments previously made, relies on evidence that is not "new" because it was available to Plaintiff at the time she filed her amended complaint, does not point to any new law, and does not point to clear error.")

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for New Trial, Altering or Amending Judgment (Dkt. #33) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 31st day of December, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-827 new trial 33.docx

4